THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-20-410-R |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion to Exclude Expert Testimony of Chad Williams, filed by Defendant State Farm Fire and Casualty Company ("State Farm"). (Doc. No. 42) Plaintiff responded in opposition to the motion, and Defendant filed a reply in support of its position. (Doc. Nos. 50 and 58). Upon consideration of the parties' submissions, the Court finds as follows.

This Court acts as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005). Expert opinion testimony is admissible if it is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999). Expert opinions are relevant if they would "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles

and methods." *Id.* The proponent of expert testimony bears the burden of showing that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Plaintiff has identified Chad Williams, P.E., as an expert witness in this case; Williams' report indicates he was retained to "determine the feasibility of repairing the three-tab-style asphalt-composition shingles on the primary roof surface of the subject dwelling." (Doc. No. 43-3, p. 2). He is expected to testify that Mr. Moore's roof cannot be repaired without causing undue damage to those portions of the roof that were not harmed by the March 2019 windstorm. Because of the anticipated snowball effect of replacing shingles, Mr. Williams opines the roof is not repairable. Mr. Williams was not retained to opine as to how much of the roof was damaged by the March 2019 windstorm. Defendant argues that Mr. Williams' report (1) does not include rationales or explanations and is unreliable; (2) his methodology is unreliable; (3) he did not comply with his own protocols for evaluating roof damage; and (4) his testimony will not help the finder of fact and will result in significant prejudice and therefore should excluded.

Mr. Williams is a licensed professional engineer in twenty states, including Oklahoma. According to his report, he has more than twelve years of experience in forensic engineering and his area of practice includes the evaluation of residential roof systems and asphalt shingles. His expert report is premised largely on an article he published in December 2020 in the Journal of the National Academy of Forensic Engineers entitled "Use of the Repairability Assessment Method for Evaluating Asphalt-Composition Shingle Roof Repairs." (Doc. No. 42-1).

Having reviewed the parties' filings and Mr. Williams' report, the Court finds that Defendant's objections go the weight of his testimony and may be examined on cross-examination.[1] Mr. Williams may be questioned about the methods set forth in his article, how he applied them to the current situation and any inconsistencies between the method he used in evaluating the repairability of Plaintiff's roof and that described in his published article. The Court anticipates a jury could find his testimony helpful in assessing damages in the event Plaintiff prevails on his breach of contract claim.

Defendant's Motion to Exclude is DENIED.

**IT IS SO ORDERED** this 7th day of September 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Without citation to authority Defendant complains that the peer reviewers of Mr. Williams' published article are unknown persons. Defendant does not challenge the reliability or validity of the Journal of the National Academy of Forensic Engineers, which published Mr. Williams' article in December 2020. According to the NAFE website, after a draft is accepted, the assigned Associate Editor circulates the article for "blind peer review." https://journal.nafe.org/ojs/nafe/about/submissions (last accessed September 3, 2021). Defendant's contention that the peer reviewers are unknown is meritless. The Journal's submission page also includes the following:
> You will receive anonymous feedback and criticism with particular focus on the technical aspect. The technical aspect may include but are not limited to reviewing cited sources, examining for implied assumptions that are not universal, checking the math, comparing results to literature or professional experience, or examining whether a statement is sufficiently supported by the work presented or requires outside citation.

*Id.*